# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE THOMPSON, | CV F 02-5422 DLB HC |
|     Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
|     v. | |
| WILLIAM DUNCAN, | [Docs. 1, 31] |
|     Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 5, 9, 10.)

PROCEDURAL HISTORY

On May 26, 2000, in the Kern County Superior Court, Petitioner entered a no contest plea to perjury (Cal. Penal Code § 118)[1] and Petitioner admitted the prior conviction allegation (§§ 1170.12(a)-(e), 667(c)-(j)). (Lodged Docs. 1, 3.) In light of Petitioner's no contest plea, the trial court dismissed the remaining counts alleged in the amended information. (Lodged Doc. 1, at 10-11 & Lodged Doc. 3, at 9.)

On June 5, 2000, Petitioner filed a motion to strike the prior conviction or request the sentencing judge to exercise discretion. (Lodged Doc. 4.)

On June 23, 2000, the trial court denied Petitioner's motion to strike his prior conviction

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

1 on various grounds and sentenced Petitioner to four years in state prison, double the low term (§
2 667, subd. (e)).  (Lodged Doc. 1, at 12-13 & Lodged Doc. 5.)
3    On August 22, 2000, Petitioner filed a notice of appeal pursuant to People v. Wende, 25
4 Cal.3d 436 (1979)  (Lodged Doc. 1, at 14.)
5    On February 5, 2001, Petitioner filed a habeas corpus petition in the Kern County
6 Superior Court, which was denied on March 20, 2001.  (Lodged Doc. 6.)
7    On March 20, 2001, Petitioner's trial counsel filed a declaration related to Petitioner's
8 habeas corpus petition filed in the California Court of Appeal, Fifth Appellate District.  (Lodged
9 Doc. 7.)
10   On July 26, 2001, the California Court of Appeal issued an opinion affirming the
11 judgment and noting that it had independently reviewed the record (People v. Wende, 25 Cal.3d
12 436), and invited Petitioner to submit additional briefing.  (Lodged Doc. 8.)
13   On August 7, 2001, the California Court of Appeal denied Petitioner's habeas petition
14 "without prejudice to filing in the superior court."  (Lodged Doc. 9.)  On August 16, 2001,
15 Petitioner filed a habeas petition in the Kern County Superior Court, which the court denied on
16 September 14, 2001.  (Lodged Doc. 10.)  On September 28, 2001, Petitioner filed a habeas
17 petition in the California Court of Appeal, which was denied on October 4, 2001.  (Lodged Doc.
18 11.)  On November 1, 2001, Petitioner filed a habeas petition in the California Supreme Court,
19 which was denied on February 27, 2002.  (Lodged Doc. 12.)
20   Petitioner filed the instant federal petition for writ of habeas corpus on March 22, 2002,
21 in the United States District Court for the Eastern District of California, Sacramento Division.
22 By order of April 18, 2002, the action was transferred to the Fresno Division.
23   On January 27, 2003, pursuant to this Court's order, Respondent filed an answer to the
24 petition.  Petitioner filed a traverse on February 10, 2003.
25   On April 22, 2003, the Court construed Respondent's answer as a motion to dismiss the
26 petition and granted said motion dismissing the action for failure to exhaust.  Judgment was
27 entered the following day.
28   Petitioner filed a notice of appeal with the United States Court of Appeals for the Ninth

2

Circuit.  On January 24, 2005, the Ninth Circuit reversed and remanded the action finding that Petitioner had fairly presented his claims to the California Supreme Court thereby satisfying the exhaustion requirement.[2]

Respondent filed an answer to the petition on July 20, 2005.  Petitioner did not file a traverse.

### STATEMENT OF FACTS[3]

> In February of 2000, the California Department of Insurance was conducting an investigation with regard to information they received from the Southern Insurance Company.  The investigation was initiated when a subject, identified as Morton Lonnie Thompson, the defendant, of Bakersfield, was possibly involved in two hit-and-run vehicle accidents in November and December of 1999.  These accidents led to auto insurance claims being filed for the accidents.  A police report was completed by the defendant when he reported his wife's car stolen.  After further investigation, investigators ascertained that the defendant had two California Driver's License numbers, one issued to Morton Thompson, and the other to Lonnie Thompson.  Through fingerprint verification and photo identification, it was revealed that Morton and Lonnie Thompson were the same person.
>
> Department of Motor Vehicle reports indicated that on February 6, 1995, Lonnie Thompson was issued California Driver's License #M0509212.  On January 31, 1998, Morton Thompson, Driver's License #C7217898, completed a driver's license identification application.  The application contained the statement, "Have you ever applied under a different name?" and the "No" box was marked.  On August 11, 1999, Morton Thompson completed another driver's license identification card change.
>
> [Petitioner] was contacted and asked what his true name was, and he stated it was Morton Thompson. [Petitioner] was informed there were two driver's licenses with the same date of birth under the names of Morton and Lonnie Thompson.  He initially stated he had a twin brother, Lonnie who resides at unknown location in Nevada.  The officer attempted to obtain additional information from [Petitioner]; however, he continued to state, "it ain't against the law to have two names."

(Lodged Doc. 2, at 6-7; Lodged Doc. 8, at 3.)

### DISCUSSION

A. <u>Jurisdiction</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

---

[2] On March 4, 2005, the Ninth Circuit issued an order amending the January 24, 2005, opinion.

[3] In light of Petitioner's no contest plea, the facts are taken verbatim from Petitioner's probation report and the Fifth District Court of Appeal's decision, dated July 26, 2001.  (Lodged Doc. 2, at 6-7; Lodged Doc. 8, at 3.)

or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-

court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

The instant claims were raised to the Superior Court for the County of Kern, California Court of Appeal, Fifth Appellate District, and California Supreme Court via a petition for writ of habeas corpus. (Lodged Docs. 10, 11, 12.)  Although the Court of Appeal and California Supreme Court issued summary denials, this Court looks through those decisions to the decision issued by the Kern County Superior Court and assumes it adopted its reasoning. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

C.      Due Process Violation/Prosecution Did Not Prove The Prior Conviction

Petitioner contends that his due process rights where violated because the prosecutor did not "prove" the prior conviction, and counsel and the court failed to advise Petitioner he had a constitutional right to challenge the unproven strike prior or withdraw his plea. (Petition, at 5.)

5

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). In determining whether a plea was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption of verity to the declarations made by a defendant in open court. Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74. Furthermore, Petitioner's allegations of a coerced plea must be specific and point to a real possibility of a constitutional violation. "[S]ubsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74, *citing* Machibroda v. United States, 368 U.S. 487, 495-496 (1962); Price v. Johnston, 334 U.S. 266, 286-287 (1948).

The United States Supreme Court, in Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602 (1973), held that when "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea

By pleading guilty, a defendant waives the right to a jury trial, to confront one's accusers, to compel the attendance of witnesses, and generally to challenge the evidence that he committed the offense. See Boykin, 395 U.S. 238, 89 S.Ct. 1709. Typically, one who enters a valid guilty plea, cannot on habeas corpus challenge pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. at 266-67 (1973); see also Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"). Such a petitioner may only contend that his guilty plea was not voluntary and intelligent (see e.g., Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985); Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969)) or challenge the assistance of counsel under the Sixth Amendment. See e.g. McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970); Tollett, 411 U.S. at 267, 93 S.Ct. at 1608; Hudson, 760 F.2d at 1030.

6

The admission of the prior conviction is the functional equivalent of a guilty plea and therefore the same protective measures come into play as with a guilty plea to the underlying offense.  See Bernath v. Craven, 506 F.2d 1244, 1245 (9th Cir. 1974).

Under California law, "the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived."  (§ 1025(b).)[4]

At the change of plea hearing, the trial court specifically advised Petitioner as follows:

> THE COURT: All right. [Petitioner], your attorney has advised me that you are prepared to enter a change of plea at this time.  And before I can let you do that, I do want to discuss with you your rights.  Before I can let you enter your change of plea, please make sure you understand what your rights are.  Then if you would, please, answer clearly so that our reporter can get everything down accurately.
> As things stand now, you have an absolute right to go ahead and have a trial concerning the charges against you.  The purpose of that trial would be for both sides to present what evidence they have about each of the charges against you, and then after that a judge or a jury comprised of 12 people selected from the community, your choice, would decide based on the evidence presented during the trial whether the charges and allegations against you had been proved or had not been proved.
> During that trial you have the right to have your attorney represent you and cross-examine the witnesses against you.  During that trial you have the right to be present throughout, to testify for yourself, to have your witnesses testify for you, and also you and your attorney have the right to use the subpoena power of this Court to command your witnesses into the courtroom so they'd be there to testify for you.
> In addition, you have a right to remain silent.  That means that no one can force you to say anything about these charges against you at any time, including throughout your trial.  You have the absolute right to maintain your silence throughout the trial, wait to see if the DA is able to prove the case.  The DA would not be allowed to call you as a witness to prove their case because you have that right to remain silent.  And if you chose to and did remain silent throughout, no one could use your silence in any way to imply or infer your guilt in this case.
> Those are your rights to and during a trial.  Do you understand those rights?
> [PETITIONER]: Yeah.
> THE COURT: Do you understand that if you enter a change of plea here this morning, that you will not get a trial?
> [PETITIONER]: Yes, sir.
> THE COURT: So at this time do you give up your right to have a trial before a judge or a jury?
> [PETITIONER]: Yes, sir.

---

[4] "Notwithstanding the provisions of subdivision (b), the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury."  (§ 1025(c).)

7

> THE COURT: Do you give up your right to be represented throughout that trial by your attorney, your right to have your attorney cross-examine the witnesses against you?
> [PETITIONER]: Yes.
> THE COURT: Do you give up your rights to be present, to testify, to have your witnesses testify, and to use the subpoena power of this Court?
> [PETITIONER]: Yeah.
> THE COURT: And do you give up your right to remain silent?
> [PETITIONER]: Yeah.
> THE COURT: Now if you enter this change of plea, the note here indicates that you could be sentenced up to four years state prison. Do you understand that?
> [PETITIONER]: Yes.

(RT of May 26, 2000, at 2-5.)

The court then explained to Petitioner that the plea was to a four-year lid, and that the sentencing judge would decide whether to strike the prior conviction, and based on that ruling, Petitioner could receive a four-year sentence, or something less. (Id. at 5.) The court asked Petitioner whether any threats had been made of him to elicit an admission, or whether anybody had promised him anything in exchange for his plea, to which Petitioner responded "no." (Id. at 6.) The prosecutor then stated:

> It is further alleged that on or about May 10, 1978, in Superior Court, County of Kern, case number 19120, you were convicted of a prior felony offense, to wit, a violation of Penal Code Section 245A, within the meaning of subdivision C through J of Penal Code Section 667 and subdivisions A through E of Penal Code Section 1170.12. Do you admit or deny that prior?
> [PETITIONER]: Yeah, I admit it.

(Id. at 7.)

The court then made a finding that Petitioner had been fully apprised of his rights to and during the trial and he had knowingly, intelligently, and personally waived those rights and entered his plea voluntarily. (Id. at 8-9.)

The extensive exchange between the trial court and Petitioner demonstrates that Petitioner was fully aware of his right to jury trial on his prior conviction, and that he had the right to not admit the prior and, therefore, not incriminate himself. Petitioner was made fully aware of the consequences of his admission, and Petitioner's admission was made intelligently and voluntarily. Brady v. United States, 397 U.S. 742, 748 (1970). Petitioner therefore cannot claim that the prosecutor failed to submit sufficient proof of the prior conviction, as he

voluntarily and intelligently admitted the prior conviction.

D.     Ineffective Assistance of Counsel

Petitioner contends that trial counsel was ineffective for conveying to him that the trial court would strike the prior conviction, when in fact the court failed to do so.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must

9

affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail.  However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance.  See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).  Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

       Petitioner's ineffective assistance of counsel claim is belied by the record in this case. Specifically, at the time of taking Petitioner's no-contest plea, the trial court advised as follows:

> THE COURT: Let me discuss a few things with you, [Petitioner].  If the sentencing judge decides to strike the strike prior, then of course, the lid that we're talking about is exactly that, it is a lid.  The sentencing judge could sentence you to something less.  Do you understand that?
> [PETITIONER]: Yes, sir.
> THE COURT: If the sentencing judge decides not to strike the prior, the 667 E prior or what we call a strike prior, then the law would require him to sentence you to four years.  Do you understand that?
> [PETITIONER]: Yes.

(RT at 5.)

       The court subsequently asked Petitioner whether, "[a]nybody promised [him] something we haven't talked about here in open court, which is causing you to enter this change of plea?," and Petitioner replied, "No."  (RT at 6.)  As previously stated under section C, "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. at 74.  "Solemn declarations in open court carry a strong presumption of verity."  Id.  Petitioner's declarations in open court that he understood the possible four-year sentence he could receive carry a strong presumption of verity, and Petitioner has failed to demonstrate otherwise.  Moreover, Petitioner's trial counsel, Troy L. Childers, submitted a declaration to the Fifth District Court of Appeal declaring that Petitioner was made fully aware by the Court that his strike could be used against him.  (Lodged Doc. 7; Declaration of Troy L. Childers.)  Counsel further declared the following:

> During the time I was representing [Petitioner], it became clear to me that

10

> he was 'playing games'. When the mention of the 'strike' became a subject, [Petitioner] adamantly denied it. In fact, he stated he was the victim. Unfortunately, the Court records showed different. This became a big issue. I personally spoke with [Petitioner] on several different times, while he was in custody at the Lerdo Facility. I also spoke with his wife, regarding the prior strike.
> In the end, it was agreed that [Petitioner] change his plea, and a Motion would be filed to strike the prior strike conviction.

(Id. at 2.)

As Respondent submits, Petitioner cannot complain that there was an "off the record" understanding since he expressly assured the court that there were no other promises made to him to get him to change his plea. Petitioner fully acknowledged the trial court's admonishment that the sentencing judge had discretion to strike or not strike the prior conviction. (Id. at 5.) Thus, any belief on the part of Petitioner that the sentencing court would in fact strike the prior conviction was clearly dispelled by the trial's court advisement otherwise. Because there is no merit to Petitioner's claim, Petitioner has failed to demonstrate that trial counsel was deficient or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," Strickland, 466 U.S. at 694. The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

E.   Illegal Sentence

Petitioner contends the following: "California drivers licence applications states that if you give false information on your application, you could be penalized for up to 1yr. in jail or a 5000 fine or both I was sentenced to state prison illegally. I also was given a strike for a prior from 1978, inwhich [sic] I never went to jail for, I was given 3yrs. summary probation in 1978, 23yrs. later I'm sent to prison for that illegal and invalid prior." (Petition, at 6.)[5]

---

[5] In its remand order, the Ninth Circuit Court of Appeals stated that this claim is in major part a restatement of claims 1 and 2, and that the claim has been or will be withdrawn. (Order Amending Memorandum and Denying Petition for Rehearing, dated March 4, 2005.) On the record before this Court, it does not appear that this claim has been withdrawn, and Respondent has addressed the merits of the claim. Although it is questionable whether this claim is cognizable, in an abundance of caution, the Court will address the merits, as it is clearly without merit.

1  　　　The Sixth Amendment, applicable to the states through the Due Process Clause of the
2  Fourteenth Amendment, "guarantees a criminal defendant a fundamental right to be clearly
3  informed of the nature and cause of charges against him." Calderon v. Prunty, 59 F.3d 1005,
4  1009 (9th Cir. 1995); Stephens v. Borg, 59 F.3d 932, 934 (9th Cir. 1995); Sheppard v. Rees, 909
5  F.2d 1234, 1236 (9th Cir. 1990). In determining the adequacy of the notice, the reviewing court
6  looks first to the charging document. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). However,
7  constitutionally adequate notice of a charge may be provided by other means. Calderon, 59 F.3d
8  at 1009; Morrison v. Estelle, 981 F.2d 425, 428 (9th Cir. 1992).

9  　　　Here, the amended information charged Petitioner with seven counts, including, in count
10  one, perjury, in violation of "section 118, a felony" in that Petitioner stated on a California
11  Driver's License application that he had never applied for a driver's license, knowing this to be
12  false. (Lodged Doc. 1, at 5-6.) The penalty for perjury is two, three or four years. (§ 126.) In
13  light of the prior conviction allegation (§§ 667(c)-(j) & 1170.12(a)-(e)), the term is doubled.
14  Furthermore, the record of Petitioner's change of plea hearing confirms that Petitioner fully
15  understood that his negotiated plea could result in a sentence of up to four years. (Lodged Doc.
16  3, at 2-9.) As Petitioner received adequate notice as required by the Constitution, his claim must
17  be denied.

18  　　　　　　　　　　　　　　　　　　　ORDER
19  　　Based on the foregoing, it is HEREBY ORDERED that:
20  　　1.　　The instant petition for writ of habeas corpus is DENIED; and
21  　　2.　　The Clerk of Court is directed to enter judgment in favor of Respondent.
22  　　IT IS SO ORDERED.
23  　　**Dated:　June 21, 2006**　　　　　　　　　　**/s/ Dennis L. Beck**
　　3b142a　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

12